B1 (Official Form 1 (4/10)

| United States Bankruptcy Court<br>Southern District of New York | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Fore River Development, LLC** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**Sithe Edgar Development LLC<br>Sithe Fore River Development, LLC<br>Exelon Fore River Development, LLC** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all): **13-4007933** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>**505 Fifth Avenue, 21st Floor<br>New York, NY**                    `10017` | Street Address of Joint Debtor (No. and Street, City, and State):                    `ZIP CODE` |
| County of Residence or of the Principal Place of Business:<br>**New York County** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): | Mailing Address of Joint Debtor (if different from street address):                    `ZIP CODE` |

Location of Principal Assets of Business Debtor (if different from street address above).

**9 Bridge Street<br>Weymouth, MA**                    `02191`

| **Type of Debtor**<br>(Form of Organization)<br>(Check **one** box) | **Nature of Business**<br>(Check **one** box.) | **Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check **one** box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☒ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state the type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☒ Other | ☐ Chapter 7    ☐ Chapter 15 Petition for<br>☐ Chapter 9        Recognition of a Foreign<br>☒ Chapter 11      Main Proceeding<br>☐ Chapter 12    ☐ Chapter 15 Petition for<br>☐ Chapter 13      Recognition of a Foreign<br>                      Nonmain Proceeding |
| | **Tax-Exempt Entity**<br>(Check box, if applicable)<br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code) | **Nature of Debts**<br>(Check one box.)<br>☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose.<br>☒ Debts are primarily business debts. |

| **Filing Fee** (Check one box.) | **Chapter 13 Debtors** |
|---|---|
| ☒ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | **Check one box:**<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D)<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D)<br><br>**Check if:**<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 (*amount subject to adjustment on 4/01/13 and every three years thereafter.*)<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>**Check all applicable boxes**<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. a small business debtor as defined in 11 U.S.C. § 1126(b) |

| **Statistical/Administrative Information** | **THIS SPACE IS FOR COURT USE ONLY** |
|---|---|
| ☒ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors on a Consolidated Basis with Related Cases

| ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets on a Consolidated Basis with Related Cases

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 Million | $500,000,001 to $1 billion | More than $1 Billion |

Estimated Liabilities on a Consolidated Basis with Related Cases

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 Million | $500,000,001 to $1 billion | More than $1 Billion |

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>**Fore River Development, LLC** | |
|---|---|---|
| **All Prior Bankruptcy Cases Filed Within Last 8 Years** If more than two, attach additional sheet.) | | |
| Location<br>Where Filed:  **None** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |
| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
| Name of Debtor:  **See Addendum Hereto** | Case Number: | Date Filed; |
| District: | Relationship: | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual<br>whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petition that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.  I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐   Exhibit A is attached and made a part of this petition. | X _____<br>    Signature of Attorney for Debtor(s)          (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐   Yes, and Exhibit C is attached and made a part of this petition.

☒   No.

**Exhibit D**

(To be completed by every individual debtor.  If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐   Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐   Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor – Venue**
(Check any applicable box.)

☐   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☒   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐   Landlord has a judgment against the debtor for possession of debtor's residence.  (If box checked, complete the following.)

_____

(Name of landlord that obtained judgment)

_____

(Address of landlord)

☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐   Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(1)).

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>**Fore River Development, LLC** |
|---|---|

**Signatures**

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>   Signature of Debtor<br><br>X _____<br>   Signature of Joint Debtor<br><br>   _____<br>   Telephone Number (if not represented by attorney)<br><br>   _____<br>   Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>   (Signature of Representative)<br><br>X _____<br>   (Printed Name of Foreign Representative)<br><br>   _____<br>   Date |

| Signature of Attorney* | Signature of Non-Attorney Bankruptcy Petition Preparer |
|---|---|
| X _____<br>   Signature of Attorney for Debtor(s)<br><br>**LATHAM & WATKINS LLP**<br>**D. J. Baker**<br>**Robert J. Rosenberg**<br>**Caroline A. Reckler** (appearing *pro hac vice*)<br>**Kimberly A. Posin** (appearing *pro hac vice*)<br>**885 Third Avenue**<br>**New York, New York 10022-4834**<br>**Telephone: (212) 906-1200**<br>**Facsimile: (212) 751-4864**<br><br>Date August 18, 2010<br><br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>   _____<br>   Printed Name and title, if any, of Bankruptcy Preparer<br><br>   _____<br>   Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)<br><br>   _____<br>   Address<br><br>X _____<br><br>   _____<br>   Date |

| Signature of Debtor (Corporation/Partnership) | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>   Signature of Authorized Individual<br><br>**Jeff Hunter**<br>**Executive Vice President and Chief Financial Officer**<br><br>Date: August 18, 2010 | Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

## ADDENDUM TO VOLUNTARY PETITIONS

On the date hereof, each of the affiliated entities listed below (including the Debtor in this chapter 11 case) filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (the "Court"). A motion has been filed (or shortly will be filed) with the Court requesting that the chapter 11 cases of these entities be consolidated for procedural purposes only and jointly administered.

- EBG Holdings LLC
- Boston Generating, LLC
- Fore River Development, LLC
- Mystic I, LLC
- Mystic Development, LLC
- BG New England Power Services, Inc.
- BG Boston Services, LLC

**ACTION BY THE SOLE MEMBER OF FORE RIVER DEVELOPMENT, LLC, A DELAWARE LIMITED LIABILITY COMPANY, AUTHORIZING FILING OF A PETITION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

I, Jeff Hunter, do hereby certify:

1.     That I am the duly authorized Manager, Executive Vice President and Chief Financial Officer of EBG Holdings LLC, a Delaware limited liability company (the "**Parent**"), the sole member of Boston Generating, LLC, a Delaware limited liability company, the sole and managing member (the "**Member**") of Fore River Development, LLC, a Delaware limited liability company (the "**Company**").

2.     That the following resolutions (the "**Resolutions**") were duly adopted in accordance with the requirements of the Delaware Limited Liability Company Act, and the same remain in full force and effect, without modifications as of the date hereof:

> **WHEREAS**, the Company is governed by that certain Limited Liability Company Agreement, dated as of May 21, 2004 (as amended, the "**LLC Agreement**"), and, pursuant to Section 2 of the LLC Agreement, the sole member of the Company manages and controls the Company's business;
>
> **WHEREAS**, the Member is the sole member of the Company;
>
> **WHEREAS**, the managers (the "**Managers**") of the Parent, in its capacity as the sole member of the sole Member of the Company, have reviewed and analyzed materials and advice presented by management and the outside financial and legal advisors of the Company regarding the financial condition, capital structure, liquidity position, business model and projections, and short term and long term prospects of the Company and the sale, restructuring and other strategic alternatives available to it, and the impact of the foregoing on the businesses of the Company;
>
> **WHEREAS**, the Managers of the Parent, in its capacity as the sole member of the sole Member of the Company, have determined that it is advisable and in the best interests of the Company and its creditors that a voluntary petition (the "**Chapter 11 Case**") be filed by the Company to seek relief under the provisions of Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"); and

**WHEREAS**, on August 7, 2010, the Managers of the Parent, in its capacity as the sole member of the sole Member of the Company, approved entry by the Company into that certain Asset Purchase Agreement (the "**Purchase Agreement**") by and among the Company, Constellation Holdings, Inc., and Constellation Energy Group, Inc., pursuant to which the Company will, subject to approval of the Bankruptcy Court, sell substantially all of their assets to Constellation Holdings, Inc. or such higher or otherwise better bidder through a competitive auction process contemplated by Section 363 of the Bankruptcy Code.

I.   **Voluntary Petition Under the Provisions of Chapter 11 of the Bankruptcy Code**

**NOW, THEREFORE, BE IT RESOLVED**, that the filing of the Chapter 11 Case by the Company, and the seeking of relief by the Company under the provisions of Chapter 11 of the Bankruptcy Code in the Bankruptcy Court be, and each hereby is, authorized and approved for all purposes and in all respects;

**FURTHER RESOLVED**, that the Authorized Representatives (as defined below) of the Company shall be, and each of them hereby is, authorized, empowered and directed to execute and verify voluntary petitions for relief under the provisions of Chapter 11 of the Bankruptcy Code in the name and on behalf of the Company and to cause the same to be filed with the Bankruptcy Court in such form and at such time as the Authorized Representative executing said petition shall determine;

**FURTHER RESOLVED**, that the Authorized Representatives of the Company shall be, and each of them hereby is, authorized, empowered and directed to execute and file, or cause to be filed (or direct others to do so on their behalf as provided herein) with the Bankruptcy Court, in the name and on behalf of the Company, all first day petitions, affidavits, schedules, motions, lists, applications, pleadings and other necessary papers or documents, including any amendments thereto, necessary and proper to obtain initial relief under the provisions of Chapter 11 of the Bankruptcy Code and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers or other professionals approved by the Managers;

II.   **Postpetition Use of Cash Collateral**

**FURTHER RESOLVED**, that the Authorized Representatives of the Company shall be, and each of them hereby is, authorized, empowered and directed to negotiate, document, execute, deliver and otherwise take any and all actions necessary or appropriate for the Company to enter into one or more cash collateral agreements (collectively, the "**Cash Collateral Documents**") and, if appropriate, such loan agreements, documents, notes, guaranties, security agreements, pledge agreements and all other documents, agreements or

instruments (collectively, the "**Credit Documents**"), in each case, as may be deemed necessary or appropriate by an Authorized Representative;

FURTHER RESOLVED, that the Authorized Representatives of the Company shall be, and each of them hereby is, authorized and directed, with full power of delegation, on behalf of and in the name of the Company, to execute, verify and/or file, or cause to be filed and/or executed or verified (or direct others to do so on their behalf as provided herein) all necessary documents, including, without limitation, all Cash Collateral Documents, Credit Documents, petitions, affidavits, schedules, motions, lists, applications, pleadings and other papers, to employ and retain all assistance by legal counsel, accountants or other professionals and to take any and all actions which the Authorized Representative deems necessary and proper in connection with the Chapter 11 Case or any cash collateral agreements contemplated hereby;

## III.   Retention of Professionals

FURTHER RESOLVED, that the Authorized Representatives of the Company shall be, and each of them hereby is, authorized, empowered and directed to employ the law firm of Latham & Watkins LLP as general bankruptcy counsel to represent and advise the Company in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings, in connection with the Chapter 11 Case; and in connection therewith, the Authorized Representatives of the Company shall be, and each of them hereby is, authorized, empowered and directed, in the name and on behalf of the Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Case, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of Latham & Watkins LLP;

FURTHER RESOLVED, that the Authorized Representatives of the Company shall be, and each of them hereby is, authorized, empowered and directed to employ the financial services firm of JP Morgan Securities, Inc. ("**JPM**"), as investment banker to the Company in connection with the Chapter 11 Case, and to take any and all actions to advance the Company's rights and obligations in connection with the Chapter 11 Case; and in connection therewith, the Authorized Representatives of the Company shall be, and each of them hereby is, authorized, empowered and directed, in the name and on behalf of the Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Case, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of JPM;

FURTHER RESOLVED, that the Authorized Representatives of the Company shall be, and each of them hereby is, authorized, empowered and directed to employ the financial services firm of Perella Weinberg Partners, LP

3

("**PWP**"), as financial advisor to the Company in connection with the Chapter 11 Case, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings, in connection with the Chapter 11 Case; and in connection therewith, the Authorized Representatives of the Company shall be, and each of them hereby is, authorized, empowered and directed, in the name and on behalf of the Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Case, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of PWP;

**FURTHER RESOLVED**, that the Authorized Representatives of the Company shall be, and each of them hereby is, authorized, empowered and directed to employ the law firm of Brown Rudnick LLP ("**Brown Rudnick**"), as regulatory counsel to the Company in connection with the Chapter 11 Case, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings, in connection with the Chapter 11 Case; and in connection therewith, the Authorized Representatives of the Company shall be, and each of them hereby is, authorized, empowered and directed, in the name and on behalf of the Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Case, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of Brown Rudnick;

**FURTHER RESOLVED**, that the Authorized Representatives of the Company shall be, and each of them hereby is, authorized, empowered and directed to employ the law firm of FTI Consulting, Inc. ("**FTI**"), as restructuring consultant to the Company in connection with the Chapter 11 Case, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings, in connection with the Chapter 11 Case; and in connection therewith, the Authorized Representatives of the Company shall be, and each of them hereby is, authorized, empowered and directed, in the name and on behalf of the Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Case, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of FTI;

**FURTHER RESOLVED**, that the Authorized Representatives of the Company shall be, and each of them hereby is, authorized, empowered and directed to employ the law firm of Anderson Kill & Olick, P.C. ("**AK**"), as conflicts counsel to the Company in connection with the Chapter 11 Case, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings, in connection with the Chapter 11 Case; and in connection therewith, the Authorized Representatives of the Company shall be, and each of them hereby is, authorized, empowered and directed, in the name and on behalf of the Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Case,

CH\1176819.3

and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of AK;

**FURTHER RESOLVED**, that the Authorized Representatives of the Company shall be, and each of them hereby is, authorized, empowered and directed to employ The Garden City Group, Inc. ("**GCG**"), as notice and claims agent to represent and assist the Company in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations in connection with the Chapter 11 Case; and in connection therewith, the Authorized Representatives of the Company shall be, and each of them hereby is, authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of GCG;

**FURTHER RESOLVED**, that the Authorized Representatives of the Company shall be, and each of them hereby is, authorized, empowered and directed to employ any other professionals necessary or advisable to assist the Company in carrying out their duties under the Bankruptcy Code; and in connection therewith, the Authorized Representatives of the Company shall be, and each of them hereby is, authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the Chapter 11 Case and cause to be filed appropriate applications with the Bankruptcy Court for authority to retain the services of any other professionals, as necessary or advisable (together with Latham & Watkins LLP, JPM, PWP, Brown Rudnick, FTI, AK and GCG, the "**Professionals**");

## IV.  General

**FURTHER RESOLVED**, that the Authorized Representatives of the Company shall be, and each of them hereby is, authorized, empowered and directed to take or cause to be taken any and all such further actions and to execute and deliver or cause to be executed or delivered all such further agreements, documents, certificates and undertakings, and to incur all such fees and expenses, in all cases consistent with the purpose and intent of the foregoing resolutions, as in their judgment, after seeking advice of legal counsel, shall be necessary, appropriate or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions;

**FURTHER RESOLVED**, that all acts, actions and transactions that are consistent with the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before these resolutions were certified, including without limitation all acts lawfully done or actions lawfully taken by any Authorized Representative of the Company or any of the Professionals to seek relief on behalf of the Company under Chapter 11 of the Bankruptcy Code be, and

hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company; and

**FURTHER RESOLVED**, that for purposes of these resolutions, and unless and until otherwise authorized or modified by the sole member of the Company, Boston Generating, LLC, the "Authorized Representatives" of the Company shall be the officers of the Company or such other person or persons as the Managers may designate.

*Signature page follows*

CH\1176819.3

**IN WITNESS WHEREOF**, I have hereunto set my hand this 18th day of August, 2010.

SOLE MEMBER OF THE SOLE MEMBER:

EBG HOLDINGS LLC
a Delaware limited liability company

By: _____
   Jeff Hunter
   Manager, Executive Vice President and Chief Financial
   Officer

7

CH\1176819.3

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

In re:

Fore River Development, LLC,

                   Debtor.

Chapter 11

Case No. 10-_____ (_____)

Joint Administration Requested

## CONSOLIDATED LIST OF CREDITORS
## HOLDING 30 LARGEST UNSECURED CLAIMS

     The following is a list of creditors holding the 30 largest unsecured claims against the above-captioned Debtor and certain affiliated entities that have simultaneously commenced chapter 11 cases in this Court (collectively, the "Debtors"). This list has been prepared on a consolidated basis from the unaudited books and records of the Debtors and reflects amounts from the Debtors' books and records as of August 18, 2010.

     The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in the Debtors' chapter 11 cases. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the largest unsecured claims. The information herein shall not constitute an admission of liability by, nor is it binding on, any Debtor. Moreover, nothing herein shall affect any Debtor's right to challenge the amount or characterization of any claim at a later date.

| No. | Name of Creditor and Complete Mailing Address, including Zip | Name, Telephone Number, and Complete Mailing Address of Employee, Agent or Department of Creditor Familiar with Claim | Nature of Claim (Trade Debt, bank loan, government contract, etc.) | Indicate if Claim is Contingent, Disputed, Unliquidated or Subject to Setoff | Amount of Claim |
|---|---|---|---|---|---|
| 1 | Credit Suisse, Cayman Islands Branch<br><br>Administrative Agent for the Lenders<br><br>11 Madison Avenue New York, NY 10010 | Helen Fung Deal Administrator, Agency Loan Operations 7033 Louis Stephens Drive Morrisville, NC 27560<br><br>Tel: (919) 994-1045 Fax: (212) 322-2291<br><br>Also notify: Michael S. Benn Scott K. Charles Wachtell, Lipton, Rosen & Katz 51 West 52nd Street New York, NY 10019<br><br>Tel: (212) 403-1000 Fax: (212) 403-2000 | Unsecured Term Loan Debt | | $426,999,996.45 (as of August 18, 2010) |
| 2 | Distrigas of Massachusetts LLC<br><br>Stroock & Stroock & Lavan LLP 180 Maiden Lane New York, NY 10038 | Harold Olsen Stroock & Stroock & Lavan LLP 180 Maiden Lane New York, NY 10038<br><br>Tel: (212) 806-5627 Fax: (212) 806-2627 | Trade Debt | | $50,655,331.63 |
| 3 | Credit Suisse Energy LLC<br><br>Eleven Madison Avenue, 10th Floor New York, New York 10010 | Attn: Benjamin Son Credit Suisse Recovery Management Eleven Madison Avenue, 10th Floor New York, New York 10010<br><br>Tel: 212-538-8028 Fax: 212-322-2390 benjamin.son@credit-suisse.com | Trade Debt | | $36,905,023.00 |

| No. | Name of Creditor and Complete Mailing Address, including Zip | Name, Telephone Number, and Complete Mailing Address of Employee, Agent or Department of Creditor Familiar with Claim | Nature of Claim (Trade Debt, bank loan, government contract, etc.) | Indicate if Claim is Contingent, Disputed, Unliquidated or Subject to Setoff | Amount of Claim |
|---|---|---|---|---|---|
| 4 | Sempra Tolling<br><br>Sempra Energy Trading LLC<br>58 Commerce Road<br>Stamford, CT 06902 | Attn: Charles Parker / Robert Hyland<br>Sempra Energy Trading LLC<br>58 Commerce Road<br>Stamford, CT 06902<br>Tel: 203-355-5625 / 203 355-5419<br>Fax: 203-355-6447 | Trade Debt | | $9,374,733.22 |
| 5 | Mitsubishi Power Systems Inc.<br><br>2287 Premier Row<br>Orlando, FL 32809 | Koji Hasegawa, President<br>2287 Premier Row<br>Orlando, FL 32809<br><br>Fax: (407) 688-6990<br><br>Peggy Fero<br>1000 Colonial Center Parkway<br>Lake Mary, FL 32746<br><br>Tel: (609) 716-4162<br>Fax: (407) 688-6481 | Trade Debt | | $4,176,788.47 |
| 6 | Spectra Energy<br><br>5400 Westheimer Court<br>Houston, TX 77056-5310 | Attn: Gregory L. Ebel, President<br>5400 Westheimer Court<br>Houston, TX 77056-5310<br><br>Tel: (713) 627-5400<br>Fax: (713) 627-4654 | Trade Debt | | $1,159,803.16 |
| 7 | NSTAR<br><br>P O Box 4508<br>Woburn, MA 01888-4508 | Tom May, President<br>One NSTAR Way<br>Westwood, MA 02090<br><br>Tel: (781) 441-8425<br>Fax: (781) 441-8495 | Trade Debt | | $1,003,741.42 |
| 8 | Pension Benefit Guaranty Corporation<br><br>1200 K Street, N.W.<br>Suite 340<br>Washington, DC 20005 | Israel Goldowitz, Chief Counsel<br>1200 K Street, N.W.<br>Suite 340<br>Washington, DC 20005<br><br>Tel: (202) 326-4020<br>Fax: (202) 326-4112 | Pension | CUD | $987,383.00 |

2

| No. | Name of Creditor and Complete Mailing Address, including Zip | Name, Telephone Number, and Complete Mailing Address of Employee, Agent or Department of Creditor Familiar with Claim | Nature of Claim (Trade Debt, bank loan, government contract, etc.) | Indicate if Claim is Contingent, Disputed, Unliquidated or Subject to Setoff | Amount of Claim |
|---|---|---|---|---|---|
| 9 | City of Everett<br><br>484 Broadway<br>Everett, MA 02149 | Michael Matarazzo, City Clerk<br>484 Broadway<br>Everett, MA 02149<br><br>Tel: (617) 389-2100 | Trade Debt | | $373,386.82 |
| 10 | National Grid<br><br>40 Sylvan Road<br>Waltham, MA 02451 | Attn: Sir John Parker, Chairman<br>40 Sylvan Road<br>Waltham, MA 02451<br><br>Tel: (781) 907-1000<br>Tel: (516) 545-4939<br>Fax: (516) 545-3250 | Trade Debt | | $320,889.51 |
| 11 | Exxon Mobile<br><br>5959 Las Colinas Boulevard<br>Irving, Texas 75039-2298 | Attn: Rex W. Tillerson, Chairman<br>5959 Las Colinas Boulevard<br>Irving, Texas 75039-2298<br><br>Tel: (972) 444-1000<br>Fax: (972) 444-1350 | Trade Debt | | $235,185.77 |
| 12 | Borden & Remington Corporation<br><br>P O Box 2573<br>63 Water Street<br>Fall River, MA 02722-2573 | Robert Bogan, President<br>63 Water Street<br>Fall River, MA 02721<br><br>Tel: (800) 543-5393<br>Fax: (508) 672-5670 | Trade Debt | | $209,907.87 |
| 13 | O'Connor Corp<br><br>45 Industrial Drive<br>Canton, MA 02021 | Thomas H. O'Connor, Jr., President<br>45 Industrial Drive<br>Canton, MA 02021<br><br>Tel: (617) 364-9000<br>Fax: (781) 828-8248 | Trade Debt | | $89,492.21 |
| 14 | Integrated IT Solutions<br><br>P O Box 595<br>Sciuate, MA 02066 | Attn: President or General Counsel<br>159 Overland Road<br>Waltham, MA 02451-1729<br><br>Tel: (781) 545-5100<br>Fax: (781) 255-1331 | Trade Debt | | $85,136.39 |

CH\1181693.6

| No. | Name of Creditor and Complete Mailing Address, including Zip | Name, Telephone Number, and Complete Mailing Address of Employee, Agent or Department of Creditor Familiar with Claim | Nature of Claim (Trade Debt, bank loan, government contract, etc.) | Indicate if Claim is Contingent, Disputed, Unliquidated or Subject to Setoff | Amount of Claim |
|---|---|---|---|---|---|
| 15 | Dechert LLP<br><br>1095 Avenue of the America<br>New York, NY 10036 | Alan Brilliant<br>1095 Avenue of the Americas<br>New York, NY 10036<br><br>Tel: (212) 698-3600<br>Fax: (212) 698-3599 | Services | | $85,000.00 |
| 16 | City of Quincy<br><br>1305 Hancock Street<br>Quincy, MA 02169 | City Clerk<br>1305 Hancock Street<br>Quincy, MA 02169<br><br>Tel: (617) 376-1130<br>Fax: (617) 376-1139 | Trade Debt | | $84,809.60 |
| 17 | Andrews International<br><br>3636 Solutions Center<br>Chicago, IL 60677-3006 | Jim Wood, President<br>27959 Smyth Drive<br>Valencia, CA 91355<br><br>Tel: (661) 775-8400<br>Fax: (661) 775-8794 | Trade Debt | | $71,662.75 |
| 18 | New England Controls, Inc.<br><br>9 Oxford Road<br>Mansfield, MA 02048 | Tom Ramundo, President<br>9 Oxford Rd.<br>Mansfield, MA 02048<br><br>Tel: (508) 851-2411<br>Fax: (508) 339-9144 | Trade Debt | | $51,760.75 |
| 19 | Clean Harbors<br><br>P O Box 3442<br>Boston, MA 02241-3442 | Alan S. McKim, President<br>42 Longwater Dr<br>P.O. Box 9149<br>Norwell, MA 02061-9149<br><br>Tel: (781) 792-5000<br>Fax: (781) 792-5900 | Trade Debt | | $50,816.51 |

CH\1181693.6

| No. | Name of Creditor and Complete Mailing Address, including Zip | Name, Telephone Number, and Complete Mailing Address of Employee, Agent or Department of Creditor Familiar with Claim | Nature of Claim (Trade Debt, bank loan, government contract, etc.) | Indicate if Claim is Contingent, Disputed, Unliquidated or Subject to Setoff | Amount of Claim |
|---|---|---|---|---|---|
| 20 | Control Components, Inc.<br><br>Dept 2544<br>Los Angeles, CA 90084-2544 | Attn: President or General Counsel<br>22591 Avenida Empresa<br>Rancho Santa Margarita, CA 92688<br><br>Tel: (949) 858-1877<br>Fax: (949) 858-1878 | Trade Debt | | $45,050.91 |
| 21 | Chalmers & Kubeck North Air Industrial Park 24-34 Elise St. Westfield, MA 01085 | Scott McCoy, President Air Industrial Park 24-34 Elise St. Westfield, MA 01085<br><br>Tel: (413) 568-2461<br>Fax: (413) 568-6588 | Services | | $41,339.62 |
| 22 | Atlantic Contracting & Special<br><br>P O Box 64191<br>Baltimore, MD 21264-4191 | Paul Camara, President 25 Kenwood Circle Suite H Franklin, MA 02038<br><br>Tel: (781) 461-9545<br>Tel: (508) 530-9020<br>Fax: (508) 530-9039 | Trade Debt | | $35,297.12 |
| 23 | Standard & Poors<br><br>55 Water Street New York, NY 10041 | Attn: President or General Counsel 55 Water Street New York, NY 10041<br>Tel: (212) 438-1000<br>Fax: (212) 438-2000 | Trade Debt | | $32,000.00 |
| 24 | Mechanical Dynamics & Analysis<br><br>19 British American Blvd. Latham, NY 12110 | Attn: President or General Counsel 19 British American Blvd. Latham, NY 12110<br><br>Tel: (518) 399-3616<br>Fax: (518) 399-3929 | Trade Debt | | $28,560.13 |

CH\1181693.6

| No. | Name of Creditor and Complete Mailing Address, including Zip | Name, Telephone Number, and Complete Mailing Address of Employee, Agent or Department of Creditor Familiar with Claim | Nature of Claim (Trade Debt, bank loan, government contract, etc.) | Indicate if Claim is Contingent, Disputed, Unliquidated or Subject to Setoff | Amount of Claim |
|---|---|---|---|---|---|
| 25 | Adams Valves, Inc.<br><br>12303 Cutten Road<br>Houston, TX 77066 | Attn: President or General Counsel<br>12303 Cutten Road<br>Houston, TX 77066<br><br>Tel: (281) 453-3750<br>Fax: (281) 453-3749 | Trade Debt | | $28,047.00 |
| 26 | Stallion Companies LLC<br><br>110 Daniel Webster Highway<br>Nashua, NH 03060 | Michael E. Berlan, President<br>110 Daniel Webster Highway<br>Nashua, NH 03060<br><br>Tel: (617) 459-8730<br>Fax: (866) 294-0120 | Trade Debt | | $25,000.00 |
| 27 | Mitchell Services, Inc.<br><br>8335 Monticello Road<br>Shawnee, KS 66227 | Attn: President or General Counsel<br>8335 Monticello Road<br>Shawnee, KS 66227<br><br>Tel: (913) 422-5225<br>Fax: (913) 422-5199 | Trade Debt | | $23,000.00 |
| 28 | Capco Crane & Hoist, Inc.<br><br>58 Forest Ridge Drive<br>Rowley, MA 01969 | Attn: President or General Counsel<br>58 Forest Ridge Drive<br>Rowley, MA 01969<br><br>Tel: (800) 422-7261<br>Fax: (913) 422-5199 | Trade Debt | | $22,290.00 |
| 29 | Keystone Engineering Corp.<br><br>62 Forest Ridge Drive<br>Rowley, MA 01969 | Attn: President or General Counsel<br>62 Forest Ridge Drive<br>Rowley, MA 01969<br><br>Tel: (978) 948-3865<br>Fax: (978) 948-3875 | Trade Debt | | $21,423.88 |

6

| No. | Name of Creditor and Complete Mailing Address, including Zip | Name, Telephone Number, and Complete Mailing Address of Employee, Agent or Department of Creditor Familiar with Claim | Nature of Claim (Trade Debt, bank loan, government contract, etc.) | Indicate if Claim is Contingent, Disputed, Unliquidated or Subject to Setoff | Amount of Claim |
|---|---|---|---|---|---|
| 30 | HF Controls LP<br><br>1624 W. Crosby Road<br>Suite 124<br>Carrolton, TX 75006 | Attn: President or General Counsel<br>1624 W. Crosby Road<br>Suite 124<br>Carrollton, TX 75006<br><br>Tel: (469) 568-6500<br>Fax: (469) 568-6599 | Trade Debt | | $21,000.00 |

CH\1181693.6

## DECLARATION CONCERNING CONSOLIDATED
## LIST OF CREDITORS HOLDING 30 LARGEST UNSECURED CLAIMS

I, the undersigned officer of the Debtor in the above-captioned case, declare under penalty of perjury that I have reviewed the **CONSOLIDATED LIST OF CREDITORS HOLDING 30 LARGEST UNSECURED CLAIMS** and that the information contained therein is true and correct, to the best of my knowledge, information and belief.

Dated: August 18, 2010        /s/ Jeff Hunter
         New York, New York       Jeff Hunter
                                   Executive Vice President and Chief Financial Officer

LA\2107156.4

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Fore River Development, LLC,<br><br><br>                   Debtor. | Chapter 11<br><br>Case No. 10-_____ (____)<br><br>Joint Administration Requested |

## LIST OF EQUITY SECURITY HOLDERS

In accordance with Rules 1007(a)(1) and 1007(a)(3) of the Federal Rules of Bankruptcy Procedures, the above-referenced Debtor submits the List of Equity Security Holders set forth below:

| Shareholder | Percent Ownership |
|---|---|
| Boston Generating, LLC<br>The Schrafft Center<br>529 Main Street, Suite 605<br>Charlestown, MA | **100%** |

I, the undersigned officer of the Debtor in the above-captioned case, declare under penalty of perjury that I have reviewed the "List of Equity Security Holders" and that the information contained therein is true and correct to the best of my knowledge, information and belief.

Dated: August 18, 2010
      New York, New York

/s/ Jeff Hunter
Jeff Hunter
Executive Vice President and Chief Financial Officer

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 10-_____ (_____) |
| Fore River Development, LLC, | Chapter 11 |
| Debtor. | Joint Administration Requested |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure and Rule 1007-3 of the Local Bankruptcy Rules for the Southern District of New York, the following are corporations, other than a governmental unit, that directly or indirectly own 10% or more of any class of the Debtor's equity interests:

| Debtor Equityholder | Percent Ownership |
|---|---|
| **Boston Generating, LLC**<br>**The Schrafft Center**<br>**529 Main Street, Suite 605**<br>**Charlestown, MA 02129** | **100% Direct Ownership of the Debtor** |
| **EBG Holdings LLC**<br>**505 Fifth Avenue, 21st Floor**<br>**New York, NY 10017** | **100% Ownership of Boston Generating, LLC** |
| Non-Debtor Equityholder | Percent Ownership |
| **US Power Generating Company**<br>**505 Fifth Avenue, 21st Floor**<br>**New York, NY 10017** | **100% Ownership of EBG Holdings LLC** |
| **New Astoria Generating Company Holdings, L.L.C.**<br>**c/o US Power Generating Company**<br>**505 Fifth Avenue, 21st Floor**<br>**New York, NY 10017** | **Approximately 46% Ownership of US Power Generating Company** |
| **Avenue Investments, L.P.** | **Approximately 15% Ownership of US Power Generating Company** |
| **Madison Dearborn Capital Partners IV, L.P.** | **Approximately 90% Ownership of New Astoria Generating Company Holdings, L.L.C.** |

The Debtor does not directly or indirectly own 10% or more of any class of equity interests in any corporation whose securities are publicly traded. The Debtor does not own any interest in any general or limited partnership or joint venture.

I, the undersigned officer of the Debtor in the above-captioned case, declare under penalty of perjury that I have reviewed the "Corporate Ownership Statement" and that the information contained therein is true and correct to the best of my knowledge, information and belief.

Dated: August 18, 2010      /s/ Jeff Hunter
      New York, New York    Jeff Hunter
                                  Executive Vice President and Chief Financial Officer

LA\2114359.2